UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>ABDEL S. RASHID; BASMAH A. RASHID d/b/a BOOST MOBILE a/k/a CORPORATE WELLNESS; PERMICH, INC. d/b/a TAQUIERIA MICHOACAN,<br><br>    Defendants. | Case No.  1:21-cv-01328-JLT-HBK<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>(Doc. No. 27) |

On August 8, 2022, the Court heard argument on Defendant's motion for a protective order. Tanya Moore appeared for Plaintiff and Roger Bonakdar appeared for Defendants. After considering the parties' papers and arguments, Defendants' motion for a protective order is denied. (Doc. Nos. 27, 28, 29¹).

---

[1] Defendants filed a request for judicial notice in support of their reply. (Doc. No. 30). Defendants request the Court to take judicial notice of Exhibit A--report listing cases filed by Plaintiff that was obtained from the Public Access to Court Electronic Records ("PACER"). (*See* Doc. No. 30-1 ). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The report obtained from PACER reflecting the cases filed by Plaintiff is properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Gilbert filed the Complaint under the Americans with Disabilities Act ("the ADA"), the Unruh Act (California Civil Code § 51), and California Health and Safety Code § 19955(a), against Defendants Abdel S. Rashid and Basmah A. Rashid, who are both Trustee of the Rashid Family Trust (collectively the "landlord defendants"), Abdulla Hamideh dba Boost Mobile aka Corporate Wireless ("Boost Mobile") and Permich, Inc. dba Taquiera Michocan ("Taquiera Michocan")(collectively "tenant defendants").  (Doc. No. 1 at 1-2).

According to the Complaint, the landlord defendants own, operate, or lease real property to the tenant defendants.  (*Id.* at 3).  Plaintiff is physically disabled.  (*Id.*) (explaining plaintiff an amputee, has limited ability to walk, and must use a wheelchair).[2]  On or about June 30, 2021, Plaintiff went to purchase food and shop for cell phones and encountered physical barriers.  (*Id.*). Outside of the restaurant, Plaintiff found a transition in height in the asphalt of the parking lot and concrete entry walkway making it difficult for his wheelchair to pass.  (*Id.* at 4).  There were chairs obstructing his access to the bathroom.  (*Id.*).  Thereafter, on his way for a cell phone, he noticed no handicap designated parking spaces, nor a ramp or other means of access to the store. (*Id.*).  As a result, Plaintiff was deterred from entering the store.  (*Id.*).  Plaintiff seeks injunctive relief, statutory minimum damages, attorneys' fees and costs, and any other relief deemed appropriate by the court.  (*Id.* at 9-10).

On April 5, 2022, Plaintiff filed a notice demanding to inspect land and property scheduled for June 13, 2022 at 10:00 a.m. at both Boost Mobile aka Corporate Wireless and Taqueria Michoacan.  (Doc. No. 27-2, "Ruel 34 Notice").  The Rule 34 Notice was served on Defendant on April 28, 2022.  (Doc. No. 28 at 4).  The Rule 34 Notice contained only general language requesting Plaintiff, his counsel, and an access specialist enter both properties for an "inspection of land and property."  (Doc. No. 27-2. at 3).  The June 13, 2022 inspection date was unilaterally set by Plaintiff's counsel and not coordinated with defense counsel.  (Doc. No. 27 at 4).

---

[2] Plaintiff's counsel clarified during the hearing that Plaintiff also has a prosthetic leg which he uses instead of his wheelchair at times.

In May, the parties began engaging in settlement negotiations that were continuing in nature and duration. (Doc. No. 27-1 at 2-3). In an effort to reach early resolution of the case, Defendants unilaterally engaged a CASp inspector who prepared a CASp report. (*Id.* at 2-3; *see also* Doc. No. 27 at 3). The CASPp inspector was one Plaintiff's counsel had utilized in other cases. (Doc. No. 27 at 3). The parties relied upon the CASp report to engage in settlement discussions and determine the scope of work necessary to bring the premises into compliance. (Doc. No. 27-1 at 2-3; Doc. No 27 at 3). However, a final settlement agreement and release was not executed. (Doc. No. 27; *see also* Doc. No. 28 at 5). Defendants contend the injunctive relief was agreed to by the parties and only the monetary damages remained in issue. Regardless, as a result of the parties' inability to reach a final settlement agreement, Plaintiff notified Defendants that the July 15, 2022 site inspection would proceed on the subject properties. (*See generally* Doc. No. 27-2). During the hearing, Plaintiff's counsel confirmed that Plaintiff would not proceed to a settlement conference prior to having a site inspection. (*Id.* at 1; *see also* Doc. No. 28 at 6)(stating "plaintiff is not opposed to a settlement conference. However, he does not believe it will be productive until he is able to inspect the subject property and come to his conclusion as to what barrier removal is appropriate.").

As discussed above, Plaintiff sought inspection under Federal Rule of Civil Procedure 34 of both Boost Mobile and Taqueria Michocan. (Doc. No. 28-2). Defendants objected and filed the instant motion arguing that the notice was overly broad, burdensome, and served to annoy and harass the defendants. (Doc. No. 27 at 5-7). The gravamen of Defendants' argument is that a CASp inspection already occurred, and a report was prepared that both parties relied on for early settlement discussions. (*Id.*). Defendant contends "at no point" did Plaintiff's counsel say she was dissatisfied with the report or note anything defective or deficient. (*Id.* at 5-6). Instead, Defendants maintain that Plaintiff's notice to inspect was done only to annoy, vex, and harass Defendants, and drive-up undue burden and expense, particularly because the parties reached a settlement as to the injunctive relief. (*Id.*). As evidence, Defendants point to the 18-page PACER report identifying 119 cases filed by Plaintiff, 54 of which were filed in the Eastern District between 2021-2022. (Doc. No. 30-1).

1  In opposition, Plaintiff contends Defendants' motion is untimely. (Doc. No. 28 at 4).
2  Plaintiff further argues that Defendants have not shown good cause for a protective order because
3  the inspection will be paid for by Plaintiff and defense counsel need not attend. (*Id.* at 4-5). The
4  fact that Defendants hired their own expert does not preclude Plaintiff from retaining an expert to
5  evaluate the premises. (*Id.* at 5). And, Plaintiff states the parties have not entered a binding
6  settlement. (*Id*. at 6). Plaintiff requests the Court to direct the site inspection to occur within
7  thirty days. (*Id.* at 7). During the hearing Plaintiff's counsel further argued Plaintiff's extensive
8  litigation history is not relevant.

## APPLICABLE LAW AND ANALYSIS

10  Initially, the parties failed to comply with Local Rule 251 because they did not file a joint
11  statement regarding the discovery dispute. *See* Local Rule 251(c)(E.D. Cal. 2022). Defense
12  counsel states it was "impracticable" for his office to provide a joint statement because Plaintiff's
13  counsel said she would proceed with the site inspection despite his objections. (Doc. No. 27-1 at
14  3). Defense counsel submits Plaintiff counsel was "uncompromising" about the threat of
15  inspection. (*Id.*). Notably, Local Rule 251(g) provides that following a filing of a motion for a
16  protective order, the party's obligation to respond to the discovery request is stayed as a matter of
17  course until the court rules on the motion for a protective order. Despite the parties' failure to
18  comply with the Local Rules, as a one-time courtesy, and to expedite this matter, the Court will
19  address the discovery dispute.

**Motion is Not Untimely**

21  Plaintiff submits Defendants' motion for a protective order is untimely. (Doc. No. 28 at
22  4). Rule 26(c) does not set out any time limits in which a motion for a protective order must be
23  filed. *See* Fed. R. Civ. P. 26(c). However, the rule maintains an implicit condition that it be
24  made timely. *Lexington Ins. Co. v. Swanson,* 2006 WL 3474185, *2 (W.D.Wash.2006); *Brittain*
25  *v. Stroh Brewery Co.,* 136 F.R.D. 408, 413 (M.D.N.C.1991); *Nestle Foods Corp. v. Aetna Cas.*
26  *and Sur. Co.,* 129 F.R.D. 483, 487 (D.N.J.1990). "Under this line of authority, a motion for a
27  protective order is timely if made prior to the date set for producing discovery." *Lexington Ins.*
28  *Co. v. Swanson,* 2006 WL 3474185, *2 (W.D.Wash.2006)(quoting 6 *Moore's Federal Practice* at

4

§ 26.102[2] (internal quotes omitted)). "The failure to timely move for a protective order constitutes grounds for denying the same." *Brittain,* 136 F.R.D. at 413.

A failure to timely move for a protective order before the time set for "producing the discovery may be excused for good cause, such as a lack of sufficient time or opportunity to obtain the order." *Brittain*, 136 F.R.D. at 413; *see also United States v. International Business Machines Corp.,* 79 F.R.D. 412, 414 (S.D.N.Y.1978) ("ordinarily the [protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later, but it may be that this rule will not be applied if there was no opportunity to move for a protective order.").

Based on the foregoing, even if Defendants did not timely move for a protective order so that a protective order could issue before the date noticed for the site inspection, good cause exists due to the facts that the parties were engaged in good faith settlement negotiations. The Rule 34 Notice requesting a mid-June site inspection appeared moot from Defendants' perspective because Defendants understood that Plaintiff had agreed to the injunctive relief and only the monetary aspect of the settlement remained subject to further negotiations. The Court finds the emails support Defendants' perspective and thus finds that any delay in objecting to the site inspection was for good cause. Thus, the Court's rejects Plaintiff's argument that the motion for a protective order is untimely.

**Discovery is Relevant and Defendants Fail to Show Good Cause to Object**

"[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). District courts have "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

1    Rule 34(a)(2) provides that a party may serve a request "to permit entry onto designated
2 land or other property possessed or controlled by the responding party, so that the requesting
3 party may inspect, measure, survey, photograph, test, or sample the property or any designated
4 object or operation on it." Fed. R. Civ. P. 24(a)(2).

5    Rule 26(c) governs protective orders for all forms of discovery.  Under the rule, the
6 moving party must include a certification that he or she has in good faith conferred or attempted
7 to confer with other affected parties to resolve the dispute without court intervention.  The court,
8 may for good cause, issue an order to protect a party or a person from annoyance, embarrassment,
9 oppression, or undue burden or expense, including, among other options, forbidding the
10 disclosure or discovery, or specifying the terms.  Fed. R. Civ. P. 26(c)(1)(A)-(B). In the event a
11 motion for a protective order is denied wholly or partially, the court may, on just terms, order that
12 any party or person provide or permit the discovery.  Rule 26(c)(2).

13    While the Court understands Defendants' position and desire to reach a resolution of this
14 case early by settlement on behalf of his clients and keep costs down, Defendants' opposition to
15 Plaintiff's notice for a first site inspection lacks the necessary good cause required to issue a
16 protective order.  Allegations of one alleged statutory violation provides a sufficient basis for
17 discovery into the possible existence of additional, unencountered barriers.  *Doran v. 7-Eleven,*
18 *Inc.*, 524 F.3d 1034, 1034-44 (9th Cir. 2008); *see also Martin v. Hilton Sacramento Arden West*,
19 No. 2:14-cv-00360 GEB-AC, 2014 WL 5823101 (E.D. Ca. Nov. 7, 2014).  Nor does precedent
20 from the Ninth Circuit permit limiting the inspection of the property to issues Plaintiff only
21 personally experienced.  *See Doran* at 1043 (noting "he or she may conduct discovery to
22 determine what, if any, other barriers affecting his or her disability existed at the time he or she
23 brought the claim.").  Admittedly Defendants had a CASp expert inspect the properties and
24 prepare a report, but Plaintiff has not.  Plaintiff's Rule 34 notice concerns her first site inspection
25 with a CASp expert.  The discovery Plaintiff seeks is relevant to the claims in this case under
26 Rule 26 and consistent with case law.  Defendants have not established good cause for a
27 protective order.  The Court finds the request to inspect is not burdensome as it is Plaintiff's first
28 inspection of the property.  And because no settlement agreement and release have been executed,

the Court does not find the request to inspect is being done to annoy or harass the defendants.[3] Finally, while the Court recognizes Plaintiff's prolific litigation history, that fact alone is insufficient to undermine Plaintiff's stated intent to return to Boost Mobile or Taquiera Michocan if the alleged barriers are remedied. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008*). See also Molski v. Evergeen Dynasty Corp.*, 500 F.3d 1047, 1063 (9th Cir. 2007)( opining "for the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations are compliant with the ADA.").

Accordingly, it is **ORDERED**:

1. Defendants' motion for a protective order (Doc. No. 27) is DENIED.

2. The site inspection pursuant to Plaintiff's Rule 34 Notice must occur no later than August 26, 2022. Counsel shall seek to obtain a mutually agreeable date and time for the inspection.

3. No later than September 21, 2022, the parties shall provide a notice regarding whether the parties agree to proceed to an early settlement conference before a United States magistrate judge. The Court will not consider a motion to extend the scheduling order, until after September 21, 2022 Notice is filed.

Dated:   August 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[3] As cautioned by the Court and conceded by Plaintiff's counsel during the hearing, reimbursement for the inspection and attorney fees associated with the same arguably may be unreasonable.